[No. D017661. Fourth Dist., Div. One. Oct. 14, 1993.]

DONALD J. HELMER, Plaintiff and Appellant, v.
EDWIN L. MILLER, JR., as District Attorney, etc., et al., Defendants and
Respondents.

COUNSEL

Donald J. Helmer, in pro. per., for Plaintiff and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Diane Bardsley, Chief Deputy County Counsel, Miriam E. Brewster, Deputy County Counsel, Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Peter Quon, Jr., Deputy Attorneys General, for Defendants and Respondents.

OPINION

BENKE, Acting P. J.—Donald J. Helmer sought a declaration that Penal Code[1] section 12021, subdivision (a) (felon in possession of a firearm), was unconstitutional. The trial court sustained without leave to amend the demurrer of defendants Edwin L. Miller, District Attorney of San Diego County, and Daniel E. Lungren, Attorney General of the State of California (collectively defendants). Judgment was entered on the order sustaining the demurrer. Helmer appeals, we affirm.

BACKGROUND

Appellant Donald J. Helmer filed a complaint for declaratory relief, asking the trial court to determine the validity of section 12021, subdivision (a). The section makes it a felony for a person previously convicted of a felony to possess a firearm. Helmer alleged he had been convicted of a felony within the meaning of section 12021, subdivision (a), in 1984. In a declaration attached to the complaint Helmer stated his conviction was for a "white collar" violation not involving violence.

Noting that at the time of his 1984 felony conviction, section 12021, subdivision (a), made it a misdemeanor for a felon to possess a concealable firearm, appellant alleged application to him of the more onerous present version of the section would constitute an ex post facto law in violation of both the United States and California Constitutions. (U.S. Const., art. I, §§ 9, 10; Cal. Const., art. I, § 9.)

Helmer further alleged the section deprived him of due process of law under both the United States and California Constitutions and deprived him of the right to bear arms as guaranteed by the Constitution of the United States. (U.S. Const., Amend. II.)

---

[1] All statutory references are to the Penal Code unless otherwise specified.

Helmer also alleged the regulation of the possession of firearms by felons had been preempted by provisions of the United States Code. (18 U.S.C. §§ 922, 924, 925.)

The trial court granted the defendants' motion for judgment on the pleadings with leave to amend "to allege an actual controversy."

In an attempt to allege an actual controversy, Helmer filed an amended complaint adding to the original an allegation he had sought and been denied restoration of his federal firearms privileges because section 12021, subdivision (a), denied him the right to possess firearms in this state.

The defendants' general demurrer to the amended complaint was sustained without leave to amend on the basis section 12021, subdivision (a), was not unconstitutional and that regulation of the possession of firearms by felons had not been preempted by federal law. Judgment was entered on that order.

## DISCUSSION

Helmer argues section 12021, subdivision (a), should be declared invalid. He contends the section denies due process and equal protection, and, as to him, is an ex post facto law. Helmer additionally contends the regulation invalid since preempted by federal legislation.

### A. *Declaratory Relief and General Demurrers*

The trial court sustained defendants' general demurrer to Helmer's action for declaratory relief. ■ As a technical matter a general demurrer is not an appropriate means for testing the merits of a declaratory relief action. This is so because the plaintiff is entitled to a declaration of rights even if that declaration is adverse to his interest. However, where, as in the present case, the issues are solely ones of law, where the trial court has ruled on those issues and where the Court of Appeal sustains those legal determinations, plaintiff has received the declaration of rights sought. (*Arroyo* v. *Regents of the University of California* (1975) 48 Cal.App.3d 793, 795-796 [121 Cal.Rptr. 918].)

### B. *Due Process and Equal Protection*

■ Helmer contends no mechanism exists under California law to restore his right to possess firearms. He argues without such a mechanism section 12021, subdivision (a), denies due process since it fails to relate the

firearm restriction to his particular circumstance. Helmer further argues the lack of a mechanism for restoration of the right to possess firearms denies equal protection since federal law allows for such restoration to those not encumbered by California's firearm restriction. (See 18 U.S.C. § 925(a)(5), (c).)

Helmer's legal premise is faulty. California law does provide for the restoration of civil and political rights lost as an incident of felony conviction. Section 4852.01 et seq. allows a felon to petition for a certificate of rehabilitation and pardon. Section 4852.17 specifically restores the right to possess firearms unless the felony resulting in the firearms restriction involved the use of a dangerous weapon.

Helmer's complaint for declaratory relief does not allege he was convicted of a felony involving the use of a dangerous weapon. Indeed, in the declaration attached to his complaint appellant stated he was convicted of a "white collar crime" that did not involve violence. Whatever this means precisely, we take it to mean appellant did not commit a crime involving the use of a dangerous weapon.

Since California does provide for the restoration of Helmer's right to possess a firearm, the premise of both his due process and equal protection arguments fails and there is no merit to either contention.

### C. *Ex Post Facto Application of Section 12021*

■ Helmer argues as applied to him the present version of section 12021, subdivision (a), is an unconstitutional ex post facto law. Helmer notes at the time of his conviction in 1984 section 12021, subdivision (a), made it a misdemeanor for a felon to possess a concealable firearm. In 1989 the section was amended to make it a felony for a felon to possess any firearm. (Stats. 1989, ch. 1044, § 3.) Since the present version of the section makes more onerous the punishment for the possession of a broader range of firearms Helmer argues as to him the section is an ex post facto law.

Helmer's argument was recently rejected in *People* v. *Mills* (1992) 6 Cal.App.4th 1278 [8 Cal.Rptr.2d 310]. In *Mills* the defendant was charged with being a felon in possession of a firearm within the meaning of section 12021, subdivision (a). The defendant noted his felony conviction occurred in 1981 when, as noted above, the section encompassed a narrower class of firearms and made a violation of the section punishable as a misdemeanor and not a felony. He argued as applied to him the offense was an ex post facto law. (6 Cal.App.4th at pp. 1281-1282.)

*Mills* noted to be an ex post facto law the enactment must be retrospective, that is, it must apply to events occurring before its existence, and cause the

defendant disadvantage. After a thorough review of applicable case authority, the court stated: "[I]t is true that the new statute only applies to defendant because he has the status of a convicted felon, and he achieved that status before that statute became effective. Nevertheless, the new statute only applies to an event occurring after its effective date, i.e. defendant's possession of a [firearm] . . . after the statute became effective. The event, possession of a [firearm] by a felon, occurred *after* the effective date of the statute, and the 1989 amendment was not retroactive." (6 Cal.App.4th at p. 1285.)

*Mills* further determined the 1989 amendment to section 12021, subdivision (a), did not increase the punishment applicable to an offense committed before the amendment since the increased punishment applied not to the earlier felony but to the postamendment possession of a firearm. (6 Cal.App.4th at pp. 1286-1289.)

We agree with *Mills* and reject appellant's contention that as to him section 12021, subdivision (a), is an ex post facto law.

D. *Preemption*

■ Helmer argues the regulation of the possession of firearms by a felon has been preempted by federal legislation and section 12021, subdivision (a), cannot, therefore, be enforced.

Federal law makes it unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; [¶] . . . [¶] to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." (18 U.S.C. § 922(g).) Helmer contends this federal code section preempts regulation by California of the possession of firearms by felons.

■ The supremacy clause of the United States Constitution (U.S. Const., art. VI, cl. 2) makes invalid state laws that interfere or are contrary to federal law made in pursuance of the Constitution. Federal law preempts state law when Congress intends it to, when Congress has preempted a particular field of law, or where, even though there is no intent to preempt, state and federal law are in actual conflict. The presumption in considering issues of preemption is that federal law does not supersede state legislation as to historic police powers of states unless such intent was the clear and manifest purpose of Congress. (*Wisconsin Public Intervenor* v. *Mortier* (1991) 501 U.S. 597 [115 L.Ed.2d 532, 542-543, 111 S.Ct. 2476].)

■ Federal law has not preempted section 12021, subdivision (a). As part of the federal law dealing with firearms Congress stated: "No provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provisions and the law of the State so that the two cannot be reconciled or consistently stand together." (18 U.S.C. § 927.)

In *Oefinger* v. *Zimmerman* (W.D.Pa. 1984) 601 F.Supp. 405, 412, the court noted: "The legislative history of the Gun Control Act [18 United States Code section 921 et seq.] indicates that its principal purpose is to strengthen Federal controls and 'to *assist* the States effectively to regulate firearms traffic *within their borders*.' [Italics added]. 3 U.S. Code Cong. and Admin.News 1968 at 4411. The Act was designed 'to assist and encourage States and local communities to adopt and enforce stricter gun control laws.' [Citation.]"

The regulation of the possession of firearms by felons is within the historic police powers of the states. Congress did not intend to preempt such authority, indeed it appears to have meant to augment state law dealing with firearm possession. Section 12021 is not preempted by federal law.

Section 12021 does not deny Helmer due process nor equal protection and has not been preempted by federal law. The judgment is affirmed.

Huffman, J., and Froehlich, J., concurred.

A petition for a rehearing was denied November 8, 1993.