TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | No. 99-402 |
| of | : | September 21, 1999 |
| BILL LOCKYER
Attorney General | : | |
| GREGORY L. GONOT
Deputy Attorney General | : | |

THE YOUTH AND ADULT CORRECTIONAL AGENCY has requested an opinion on the following question:

Is an alien who is residing in the United States in violation of federal immigration law eligible for a certificate of rehabilitation and pardon?

CONCLUSION

An alien who is residing in the United States in violation of federal immigration law is not eligible for a certificate of rehabilitation and pardon.

ANALYSIS

Federal law prohibits aliens from entering the United States without applying for admission. (8 U.S.C. §§ 1101 (a)(4), 1181 (a), 1201.) While in this country, they are subject to arrest and deportation. (8 U.S.C. §§ 1251, 1252, 1351; *Regents of University of California* v. *Superior Court* (1990) 225 Cal.App.3d 972, 979.) We are asked whether an alien who is residing in the United States in violation of federal immigration law is eligible for a "certificate of rehabilitation and pardon." We conclude that he is not.

The Legislature has enacted a statutory scheme (Pen. Code, §§ 4852.01-4852.21)[1] allowing a person, who has been convicted of a felony, to petition for a "certificate of rehabilitation and pardon" after being released from prison. Subdivision (b) of section 4852.01 provides:

> "Any person convicted of a felony . . . who is committed to a state prison or other institution or agency may file a petition for a certificate of rehabilitation and pardon pursuant to the provisions of this chapter."

Section 4852.03 states:

> "(a) The period of rehabilitation shall begin to run upon the discharge of the petitioner from custody due to his or her completion of the term to which he or she was sentenced or upon his or her release on parole or probation, whichever is sooner. For purposes of this chapter, the period of rehabilitation shall constitute five years' residence in this state, plus a period of time determined by the following rules:
>
> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
>
> "(b) Unless and until the period of rehabilitation, as stipulated in this section, has passed, the petitioner shall be ineligible to file his or her petition for a certificate of rehabilitation with the court. Any certificate of rehabilitation which is issued and under which the petitioner has not fulfilled the requirements of this chapter shall be void."
>
> ". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ."

---

[1] All references hereafter to the Penal Code are by section number only.

Section 4852.05 provides:

> "The person shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land."

Section 4852.06 states:

> ". . . [E]ach person who has complied with the requirements of Section 4852.05 may file in the superior court of the county in which he or she then resides a petition for ascertainment and declaration of the fact of his or her rehabilitation and of matters incident thereto, and for a certificate of rehabilitation under this chapter. No petition shall be filed until and unless the petitioner has continuously resided in this state, after leaving prison, for a period of not less than five years immediately preceding the date of filing the petition."

Section 4852.11 provides:

> "Any peace officer shall report to the court . . . all violations of law committed by said petitioner which may come to his knowledge. Upon receiving satisfactory proof of such violation the court may deny the petition and determine a new period of rehabilitation not to exceed the original period of rehabilitation for the same crime. In that event, before granting the petition, the court may thereafter require the petitioner to fulfill all the requirements provided to be fulfilled before the granting of the certificate under the original petition."

Subdivision (a) of section 4582.13 states:

> ". . . [I]f after hearing, the court finds that the petitioner has demonstrated by his or her course of conduct his or her rehabilitation and his or her fitness to exercise all of the civil and political rights of citizenship, the court may make an order declaring that the petitioner has been rehabilitated, and recommending that the Governor grant a full pardon to the petitioner. This order shall be filed with the clerk of the court, and shall be known as a certificate of rehabilitation."

Finally, section 4852.17 provides in part:

> "Whenever a person is granted a full and unconditional pardon by the Governor, based upon a certificate of rehabilitation, the pardon shall entitle the person to exercise thereafter all civil and political rights of citizenship, including but not limited to: (1) the right to vote; (2) the right to own, possess, and keep any type of firearm that may lawfully be

owned and possessed by other citizens . . . ."

As indicated in section 4852.17, the purpose of obtaining a certificate of rehabilitation and pardon is to be restored to the civil and political rights of citizenship lost as an incident of the felony conviction. (*Helmer* v. *Miller* (1993) 19 Cal.App.4th 1565, 1570; *People* v. *Mendez* (1991) 234 Cal.App.3d 1773, 1784; 15 Ops.Cal.Atty.Gen. 38, 38-39 (1950).) However, an alien who is residing in the United States in violation of federal immigration law has no rights of citizenship to be restored. He is not a citizen, and the certification of rehabilitation and pardon cannot make him one. The purpose of the statutory scheme cannot be served by granting such a person a certificate and pardon.

Moreover, it is readily apparent that an alien who is residing in the United States in violation of federal immigration law cannot qualify for a certificate and pardon. Section 4852.05 requires a petitioner to "conform to and obey the laws of the land." Only a "person who has complied with the requirements of Section 4852.05 may file . . . a petition . . . ." (§ 4852.06.)

A certificate and pardon serves to encourage and reward those who conform to and obey the laws of the land.[2] One who has failed to do so and continues to violate federal law is not a person entitled to such special treatment. We note that California may treat differently those who are obedient to the laws of the land than those who are not. (See *People* v. *Lockwood* (1998) 66 Cal.App.4th 222, 226; *Regents of University of California* v. *Superior Court, supra*, 225 Cal.App.4th at p. 980; *People* v. *Sanchez* (1987) 190 Cal.App.3d 224, 229.)

In answer to the question presented, therefore, we conclude that an alien who is residing in the United States in violation of federal immigration law is ineligible for a certificate of rehabilitation and pardon.

* * * * *

---

[2] Federal laws are "[t]he supreme law of the land, . . . enforceable wherever jurisdiction is adequate for the purpose." (*Miles* v. *Illinois Central Railroad* (1941) 315 U.S. 698, 703-704.)