Filed 7/12/16  P. v. Wilson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

　　　　Plaintiff and Respondent,

v.

DAVID HERSHELL WILSON,

　　　　Defendant and Appellant.

E063844

(Super.Ct.No. INF1201324)

OPINION

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Reversed.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant David Hershell Wilson pleaded guilty to one count of second degree burglary (Pen. Code, § 459; unless otherwise indicated, all additional statutory references are to the Penal Code), and entered a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*), which permitted the trial court to consider dismissed counts when determining sentence and victim restitution. He now appeals from the denial of his petition for resentencing under Proposition 47, the Safe Neighborhoods and Schools Act. Although the trial court concluded the value of the property defendant stole during the burglary did not exceed $950, the jurisdictional amount in question for misdemeanor petty theft under Proposition 47 (§ 490.2, subd. (a)), the court denied defendant's petition because, based on defendant's *Harvey* waiver, the aggregate value of the property involved in all the counts charged in the complaint did exceed $950.

Defendant contends, and the People concede, that the trial court was not permitted to aggregate the value of the property taken in all counts charged in the complaint when determining whether defendant is entitled to be resentenced on his burglary conviction. Because the record supports the trial court's conclusion that the value of the property taken during defendant's admitted burglary did not exceed $950, we reverse the denial.

I.

PROCEDURAL BACKGROUND

In a felony complaint, the People charged defendant with one count of burglary of One Stop Smoke Shop (§ 459; count 1), one count of burglary of CVS Pharmacy (§ 459; count 2), one count of burglary of Bank of America (§ 459; count 3), and one count of petty theft with a prior (former § 666, subd. (a); count 4). The People also

2

alleged defendant suffered two prior prison terms within the meaning of section 667.5, subdivision (b). As part of a plea bargain, defendant pleaded guilty to second degree burglary as alleged in count 1, and admitted the prior prison term allegations. The trial court sentenced defendant to a total term of five years in county jail, dismissed the remaining counts and, pursuant to defendant's *Harvey* waiver, ordered defendant to pay $1,550 in victim restitution.

After the passage of Proposition 47, defendant petitioned the superior court for resentencing on his burglary conviction. Using the mandatory form created by the superior court, defendant indicated he "believ[ed] the value of the . . . property [did] not exceed $950." In a form response, the People argued defendant was not entitled to resentencing because defendant used another person's credit card during his offenses to purchase property worth more than $1,000. In a reply brief, defendant's appointed attorney argued the trial court was not permitted to consider the value of the property stolen during the dismissed counts, and was instead required to limit its inquiry to the value of the property taken during count 1, which did not exceed $950. Finally, on the day of the hearing, the People filed a written opposition to the petition and argued the court was permitted to consider the total amount of the loss involved in all counts. The People contended the value of the property stolen from One Stop Smoke Shop was $353.84, the value of the property stolen from CVS Pharmacy was $296.69, and the value of the property stolen from Bank of America was $403, for a grand total of $1,053.53.

During the hearing, the trial court noted defendant allegedly committed three burglaries in which he stole property totaling $1,550 in value, but the court expressly found the value of the property stolen from One Stop Smoke Shop—the sole count to which defendant pleaded guilty—was less than $950. "He only pled to one. That one did not contain that—it was a loss under [$]950, and we can agree that it was one of them. One of them was a loss under [$]950." Nonetheless, the court concluded defendant was not entitled to resentencing because, based on defendant's *Harvey* waiver, the total value of the property exceeded $950. "I believe that the *Harvey* waiver and the goal of the statute [i.e., Proposition 47]—the goal of the statute is to all people who commit de minimus crimes, and de minimus being defined as an amount of loss under [$]950, be granted misdemeanor relief. Clearly, [defendant] pursuant to the *Harvey* waiver caused a loss to people of more than [$]950, and I do not believe he is eligible." Therefore, the court denied the petition.

Defendant timely appealed.

II.

DISCUSSION

"Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that

4

is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.) If a defendant qualifies for resentencing under Proposition 47, the trial court shall recall the felony sentence and resentence the defendant to a misdemeanor unless it determines the defendant "would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b); see *id.* subds. (b)(1)-(3) [listing factors to consider when determining dangerousness], (c) [defining "'unreasonable risk of danger to public safety'" as the risk of committing so-called "super strike" offenses defined in § 667, subd. (e)(2)(C)(iv)].)

Among the crimes reduced to misdemeanors by Proposition 47 "are certain second degree burglaries where the defendant enters a commercial establishment with the intent to steal. Such offense is now characterized as shoplifting as defined in new section 459.5." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879.) Section 459.5, subdivision (a), provides: "Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, *where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950).* Any other entry into a commercial establishment with intent to commit larceny is burglary." (Italics added.) "Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property." (§ 459.5, subd. (b).)

5

At the hearing on defendant's petition, the trial court expressly found that the property acquired during the burglary to which defendant pleaded guilty did not exceed $950. Nonetheless, the trial court denied the petition because, in light of defendant's *Harvey* waiver, the total value of the property involved in this case exceeded $950. The People appear to concede this was error, and we agree.

The type of aggregation employed by the trial court here was explicitly rejected in *People v. Hoffman* (2015) 241 Cal.App.4th 1304 (*Hoffman*). The defendant in *Hoffman* was charged, inter alia, with 18 counts of forging checks in violation of section 470, subdivision (a), but as part of a plea bargain she pleaded guilty to seven counts of forgery involving checks valued between $175 and $400. (*Hoffman*, at p. 1307.) The remaining counts were dismissed, and defendant entered a *Harvey* waiver which "allowed the court to consider the facts underlying the dismissed counts 'in determining sentence.'" (*Hoffman*, at p. 1307.) After the passage of Proposition 47, which amended section 473 to provide that forgery of a check valued at $950 or less is a misdemeanor (§ 473, subd. (b)), the defendant petitioned to have her seven forgery convictions reclassified and resentenced as misdemeanors. (*Hoffman*, at p. 1308.) The trial court denied the petition, concluding the aggregate value of the seven forged checks exceeded $950 and, therefore, the defendant was outside the spirit of Proposition 47. (*Hoffman*, at p. 1308.)

The *Hoffman* court concluded the defendant satisfied the criteria for resentencing under section 1170.18 because she was currently serving sentences for forgery offenses in which the checks involved did not exceed $950 in value, and because she did not pose a risk of unreasonable danger to public safety. (*Hoffman*, *supra*, 241 Cal.App.4th at

6

pp. 1309-1310.) The court also concluded section 473 does not authorize a trial court to aggregate the value of multiple forged checks when determining whether the offense is a felony or a misdemeanor. (*Hoffman*, at p. 1310.) Unlike section 476a, subdivision (b), which addresses passing checks with insufficient funds and provides for felony punishment if the "'total amount'" of the bad checks passed exceeds $950, "[s]ection 473 does not employ this 'total amount' approach." (*Hoffman*, at p. 1310.)

Although the People conceded section 473 does not authorize aggregation, they argued the defendant's "*Harvey* waiver allowed the trial court to rely on facts underlying the dismissed forgery and grand theft counts to find that [defendant] is 'outside the spirit' of Proposition 47." (*Hoffman*, at pp. 1310-1311.) The court disagreed. "The *Harvey* waiver allowed the trial court to rely on facts underlying the dismissed counts to make whatever sentencing determinations were authorized under section 1170.18. But only two determinations were authorized by section 1170.18: (1) whether [defendant] meets the statutory criteria, and (2) whether [defendant's] resentencing would pose an unreasonable risk of danger of a super-strike offense." (*Hoffman*, at p. 1311; see *id*. at pp. 1308-1309.) In contrast with the three strikes law, which permits a court to strike a prior conviction if it finds the defendant falls outside the spirit of the law, "[t]hat is not the case with Proposition 47. The trial court may not refuse to reduce a defendant's sentence based on the court's notion of the statute's 'spirit.'" (*Id*. at p. 1311.)

The reasoning in *Hoffman* applies equally here. Section 459.5, subdivision (a), provides that any larceny committed inside a commercial establishment during business hours is misdemeanor shoplifting if the value of the property acquired does not exceed $950. Like section 473, section 459.5 does not employ a "'total amount'" approach when determining whether the offense is punishable as a felony or a misdemeanor. (*Hoffman*, *supra*, 241 Cal.App.4th at p. 1310.) Because the value of the property defendant acquired during his admitted burglary did not exceed $950, the trial court was not permitted to consider the facts of dismissed charges to determine whether defendant fell outside the "'spirit'" of Proposition 47. (*Hoffman*, at p. 1311.)

Although the People essentially concede the trial court erred by aggregating the total value of the property involved in the conviction count and dismissed counts, they contend we should nonetheless affirm the order because defendant did not meet his burden of proving the value of the property he stole from One Stop Smoke Shop did not exceed $950. We disagree.

It is now settled that a defendant petitioning for relief under Proposition 47 bears the burden of proving the value of the property at issue did not exceed $950. "The statute [Pen. Code, § 1170.18] itself is silent as to who has the burden of establishing whether a petitioner is eligible for resentencing. However, Evidence Code section 500 provides, '[e]xcept as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting.' Because defendant is the petitioner seeking relief, and because Proposition 47 does not provide otherwise, 'a petitioner for resentencing under Proposition 47 must

8

establish his or her eligibility for such resentencing.' (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 . . . (*Sherow*); see also *People v. Rivas–Colon* (2015) 241 Cal.App.4th 444, 449-450 . . . .) In a successful petition, the offender must set out a case for eligibility, stating and in some cases showing the offense of conviction has been reclassified as a misdemeanor and, where the offense of conviction is a theft crime reclassified based on the value of stolen property, showing the value of the property did not exceed $950. (*Sherow*, *supra*, at pp. 877-878; see also [Pen. Code,] § 1170.18, subd. (a).) The defendant must attach information or evidence necessary to enable the court to determine eligibility. (*Sherow*, *supra*, at p. 880 ['A proper petition could certainly contain at least [defendant's] testimony about the nature of the items taken. If he made the initial showing the court can take such action as appropriate to grant the petition or permit further factual determination.'].)" (*People v. Perkins* (2016) 244 Cal.App.4th 129, 136-137 (*Perkins*).)

Using the mandatory form petition created by the superior court, defendant indicated he "believ[ed] the value of the . . . property [did] not exceed $950." Defendant did not include any additional information or attach any documentary evidence to the petition to substantiate his bare allegation regarding value. In addition, the trial court did not order defendant transported from custody for the hearing and, consequently, he was unable to present any testimony about the value of the property. If defendant's bare allegation was the only evidence in the record about value, we might conclude defendant did not meet his burden of proof. (*Perkins*, *supra*, 244 Cal.App.4th at p. 137.) However, in their written opposition to the petition, the People, represented by the district attorney,

9

unequivocally informed the trial court that the value of the property defendant acquired during the burglary of One Stop Smoke Shop—the sole count of burglary to which defendant pleaded guilty—was $353.84, well below $950. Although the People made this assertion in the context of their now-abandoned aggregation argument, they effectively conceded the question of value for count 1 and relieved defendant of his burden of proof.

"'In the prosecution of criminal cases [the county district attorney] acts by the authority and in the name of the people of the state.' [Citations.]" (*Pitts v. County of Kern* (1998) 17 Cal.4th 340, 360; see Gov. Code, §§ 100, subd. (b), 26500; Pen. Code, § 684.) Absent a compelling reason for concluding otherwise, a concession made on behalf of the People by the district attorney is binding on the Attorney General. (*People v. Mendez* (1991) 234 Cal.App.3d 1773, 1783-1784 ["The People are ordinarily bound by their stipulations, concessions or representations regardless of whether counsel was the Attorney General or the district attorney."].) On this record, we find no compelling reason why the People should not be bound by their concession of value made in the trial court and, instead, we find the concession amply supports the trial court's express finding on the record that the value of the property did not exceed $950.

Finally, although we are unable to find anything in the record to indicate defendant might pose a risk of danger to public safety if he is resentenced, we agree with the People that on remand the trial court may, in its discretion, make such an inquiry. (§ 1170.18, subd. (b).) The People did not oppose the petition on the basis of dangerousness, and the court did not consider that issue in the first instance.

10

III.

DISPOSITION

The order denying defendant's petition for resentencing is reversed.  On remand, the trial court may exercise its discretion to determine whether defendant poses an unreasonable risk of danger to public safety.  (§ 1170.18, subd. (b).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER
                                                                                                                                    J.

We concur:


RAMIREZ
                        P. J.


MILLER
            J.

11