Filed 11/19/20  P. v. Garrett CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CRAIG KAISER GARRETT,<br><br>    Defendant and Appellant. | B306509<br><br>(Los Angeles County<br>Super. Ct. No. TA013593) |

THE COURT:

Craig Kaiser Garrett petitioned for a writ of habeas corpus. He asserted that his second degree attempted robbery conviction in 1991 was a misdemeanor that could not be used as a felony "strike" under the Three Strikes law when he was sentenced in 2012 for residential burglary.  The trial court denied the petition. Garrett filed a timely notice of appeal.

Appointed counsel filed an appellate brief raising no issues. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503.)  We evaluate here the contentions made in Garrett's supplemental brief. (*People v. Kelly* (2006) 40 Cal.4th 106, 120–124.)

In September 1991, Garrett pleaded guilty to attempted second degree robbery in Los Angeles Superior Court case No. TA013593. (Pen. Code, § 664, 211.)[1] The terms of his plea agreement were one year in county jail and three years formal probation. The probation report states he punched the victim repeatedly while demanding money.

At the plea hearing, Garrett was warned, "if you were to violate any terms and conditions of your probation, you could appear back before this court and you could be sentenced up to the maximum time of imprisonment of three years in the state prison. If that were to occur, sir, you'd be placed on parole at the end of your term of imprisonment. If you violate any terms of your parole, you could be sent back to state prison for one year for each violation." Further, "If you are convicted of any offense in the future, by pleading guilty today in this case you could be adding some additional time of imprisonment for any future conviction which you might suffer." Garrett stated that he understood the terms of his plea agreement.

Garrett stated that he understood and accepted the terms of his probation. One of the terms was to "obey all laws." The court accepted Garrett's guilty plea. It dismissed a misdemeanor count of giving false identification information to police.

In 1993, Garrett was arrested and charged with multiple felonies. The court revoked his probation in case No. TA013593 and sentenced him to two years in state prison, concurrent with a new 16-month prison sentence for receiving stolen property.

In 2012, Garrett was convicted of residential burglary, resisting a peace officer, and attempted burglary. (§§ 459, 148,

---

[1] Undesignated statutory references are to the Penal Code.

664, 459.)  He was sentenced to 35 years to life under the Three Strikes law, with case No. TA013593 being one of the prior felony convictions underlying his sentence.  On appeal, we vacated his conviction for attempted burglary (count 3) but otherwise affirmed.  We determined that the court did not abuse its discretion by refusing to dismiss Garrett's felony strikes.  (*People v. Garrett* (Dec. 26, 2012, B239107) [nonpub. opn.].)[2]

Garrett asserts that he pleaded guilty to a misdemeanor in 1991 and therefore could not be sentenced in 2012 under the Three Strikes law because he lacked two prior serious felonies. Garrett misapprehends his plea in case No. TA013593.  He was charged with and pleaded guilty to *a felony*:  attempted robbery.

"Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.)  "Robbery is a straight felony, and section 17 does not authorize the reduction of straight felonies to misdemeanors." (*People v. Mendez* (1991) 234 Cal.App.3d 1773, 1779; *Sannmann v. Department of Justice* (2020) 47 Cal.App.5th 676, 683.)

Garrett's crime, attempted second degree robbery, cannot be treated as misdemeanor.  Section 213 reads, in subdivision (a)(2), "Robbery of the second degree is punishable by imprisonment in the state prison for two, three, or five years" and in subdivision (b), "Notwithstanding Section 664, attempted robbery in violation of paragraph (2) of subdivision (a) is

_____

[2] As stated in our opinion, Garrett was convicted of residential burglary in 1998 and received a 13-year prison sentence.  He was on probation when he committed the 2012 offenses.  (*People v. Garrett*, *supra*, B239107.)

3

punishable by imprisonment in the state prison." The trial court could not sentence Garrett as a misdemeanant.

Garrett agreed in 1991 that he could be sentenced to up to three years in state prison for a probation violation. He violated probation in 1993. This resulted in probation revocation and a two-year prison sentence for his felony conviction.

Garrett did not challenge his prison sentence in 1993 by claiming a misunderstanding of his plea bargain or the meaning of the term "one year county lid." Nor did he claim in *People v. Garrett*, *supra*, B239107, that he lacked two prior felony convictions; instead, he argued that the trial court should have exercised its discretion to strike his priors. We wrote that he "did not fall outside the spirit of the Three Strikes Law 'based on his criminal history and his prospects for the future.' " (*Ibid*.)

Garrett had two prior serious felony convictions. He could be sentenced under the Three Strikes law. The trial court properly denied his petition for a writ of habeas corpus. The order is affirmed.

NOT TO BE PUBLISHED.

_____

LUI, P. J.          ASHMANN-GERST, J.          HOFFSTADT, J.

4