Filed 12/15/20 P. v. Diaz CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B299918 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA387967 |
| v. | |
| DONIVAN DIAZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge. Affirmed.

Karyn H. Bucur, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Roberta L. Davis and William H. Shin, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2014, defendant Donivan Diaz was sentenced to life without the possibility of parole and ordered to pay a fee, an assessment, a fine, and victim restitution. We affirmed the judgment as modified in 2016. (*People v. Diaz* (Apr. 15, 2016, B258629 [nonpub. opn.] (*Diaz I*).) In this appeal, Diaz challenges the trial court's May 2019 order denying his motion for modification of sentence pursuant to Penal Code[1] section 1202.4, subdivision (f). Diaz contends that the court erred because it should have determined his ability to pay the fee, assessment, fine, and victim restitution awards imposed in 2014 during the sentencing hearing. We affirm.

## BACKGROUND

In June 2014, a jury convicted Diaz of first degree murder, and found true the allegations that he committed the murder while engaged in the crimes of robbery and burglary and a principal discharged a firearm during the murder. (*Diaz I, supra*, B258629 [p. 2].) In August 2014, the trial court sentenced Diaz to life without the possibility of parole. The court also ordered Diaz to pay a $40 court security fee (§ 1465.8), a $30 criminal convictions facilities assessment (Gov. Code, § 70373), a $300 restitution fine (§ 1202.4, subd. (b)), $10,968 in restitution to the California Victim Compensation Board (Board) for funeral and burial expenses (§ 1202.4, subd. (f)), and an additional $208.50 in restitution to Paula Cherry for funeral and burial expenses (§

---

[1] All undesignated statutory references are to the Penal Code.

1202.4, subd. (f)).[2] Diaz did not object when the court imposed the fee, assessment, fine, and restitution awards. In fact, as to the restitution awards, Diaz's counsel stated they were not "unreasonable under the circumstances." We affirmed the judgment as modified in *Diaz I.*

On May 20, 2019, Diaz moved to modify his August 2014 sentence pursuant to section 1202.4, subdivision (f)(1). Diaz contended that the sentencing court erred by not identifying "each victim and loss to which the restitution fine pertains as is mandated" by section 1202.4, subdivision (f)(3). Diaz also contended that the court erred by requiring him to pay $10,968 in restitution to the Board without determining his ability to pay the award. Notably, although the motion was filed more than four months after *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) was filed, Diaz did not cite *Dueñas*, and did not challenge the imposition of the $40 court security fee, the $30 criminal convictions facilities assessment, or the $300 restitution fine.[3]

---

[2] As noted in *Diaz I*, the sentencing minute order and abstract of judgment also included, incorrectly, a $300 parole revocation restitution fine. That fine was not imposed by the court at the sentencing hearing and, in any event, should not have been imposed because Diaz was sentenced to life without the possibility of parole. Accordingly, we directed the court to correct the sentencing minute order and abstract of judgment.

[3] In passing, Diaz referred to a $200 restitution fine under section 1202.4, subdivision (b)(1), and stated that he is challenging the imposition of the fine to the extent it exceeds the statutory minimum without considering his ability to pay as required by subdivision (d) of that statute. Here, the court imposed the minimum restitution fine, $300, and therefore it did not violate section 1202.4, subdivision (d).

3

# DISCUSSION

Diaz argues that his sentence is unauthorized and the trial court erred in denying his motion without determining his ability to pay the fine, fee, assessment, and victim restitution awards. For several reasons, we conclude the motion was properly denied.

First, Diaz did not challenge the victim restitution awards in his direct appeal from the judgment in *Diaz I*. His failure to do so precludes him from challenging the restitution awards in a subsequent appeal, absent a showing of a justification for the delay. (*People v. Senior* (1995) 33 Cal.App.4th 531, 535–538.) Diaz has not demonstrated any justification for his delay in challenging the restitution awards.

Second, Diaz forfeited any challenge to the $10,968 and $208.50 restitution awards by failing to object at the August 22, 2014 sentencing hearing. (*People v. Mays* (2017) 15 Cal.App.5th 1232, 1237 ["A defendant wishing to argue on appeal that there is no factual basis for a restitution order must object on that ground in the trial court to preserve the issue for appeal."].)

Third, to the extent Diaz suggested in his motion that the restitution awards should be reduced or eliminated because he was unable to pay them, the trial court was statutorily precluded from considering his inability to pay. (§ 1202.4, subd. (g); *People v. Draut* (1999) 73 Cal.App.4th 577, 582.)

Fourth, the rule in *Dueñas* does not apply to restitution based on a victim's loss under section 1202.4, subdivision (f). (*Dueñas, supra*, 30 Cal.App.5th at p. 1169; see *People v. Evans* (2019) 39 Cal.App.5th 771, 777 [defendant's ability to pay direct restitution "is not a proper factor to consider in setting a restitution award" under section 1202.4, subdivision (f)(2)].) In this case, the restitution awards reimbursed the Board and Paula

Cherry for payments made by them for the victim's funeral and burial expenses. (See § 1202.4, subd. (f)(4)(B).) Accordingly, the court did not have to consider Diaz's ability to pay before ordering him to pay $10,968 to the Board and $208.50 to Cherry.

Finally, as a general matter, the failure to raise an argument in the lower court forfeits the argument the ruling was erroneous. (See *People v. Trujillo* (2015) 60 Cal.4th 850, 856 [constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it].) Here, Diaz did not cite *Dueñas*, and he did not raise the issue of his inability to pay the previously imposed $40 court security fee, the $30 criminal convictions facilities assessment, or the $300 restitution fine, in his motion. Because *Dueñas* was decided months before Diaz filed the motion, he had the opportunity to argue, and the court could have considered, whether he was unable to pay the fee, assessment, and fine. By failing to raise this issue below, Diaz forfeited the argument that the court erred by not considering his ability to pay the fee, assessment, and fine. (See *People v. Miracle* (2018) 6 Cal.5th 318, 356.)

## DISPOSITION

The order is affirmed.


## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


                                        LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.