Filed 2/11/21  P. v. Gonzalez CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B306592 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. YA035222 |
| MANUEL ANTONIO GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Edmund Willcox Clarke, Jr., Judge. Affirmed.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

Defendant Manuel Antonio Gonzalez appeals from an order denying his request for expungement of a 1997 burglary conviction. Our independent review of the record has revealed no arguable appellate issues and we affirm.

## BACKGROUND

Defendant was charged with first-degree residential burglary (Pen. Code,[1] § 459) and receiving stolen property (§ 496, subd. (a)). In December 1997, defendant entered a negotiated plea of no contest to first-degree burglary. In exchange, the court stayed execution of a four-year prison term and placed defendant on formal probation. At some point during his probation, the court imposed a $4,000 victim restitution award. (See *People v. Gonzalez* (Nov. 20, 2015, B265327) [nonpub. opn.] (*Gonzalez I*).)

While still on probation in the burglary case, defendant was charged with attempted murder and assault with a deadly weapon in a different case. He was convicted of both charges and sentenced to 23 years in state prison. Defendant appealed, and in June 2003, this court affirmed. (*People v. Gonzalez* (June 11, 2003, B157001) [nonpub. opn.].)

Between 2003 and 2015, defendant filed numerous state and federal petitions and appeals attacking the validity of the plea and sentence in the 1997 burglary case. None were successful. (See *Gonzalez I*, *supra*, at pp. 2–4.)

On May 20, 2020, defendant filed a document titled "Request Expungement/Vacate Conviction from Record, Interest

---

[1] All undesignated statutory references are to the Penal Code.

of Justice, Strike Sentence/Stricken, Prop. 57, Non Violent Felony" (expungement request). Essentially, defendant asked the court to expunge his 1997 burglary conviction. In support of his request, he alleged he had completed his sentence in the burglary case, he has remained disciplinary free without committing a new offense since 2001, and he has made progress in rehabilitation during his incarceration. Defendant also alleged that he is considered a youth offender under section 3051, and his burglary conviction is no longer considered a violent felony under Proposition 57.

On May 28, 2020, the court denied the expungement request because defendant had not shown good cause. The court also noted that Proposition 57 and section 3051 relate to parole considerations and defendant already served the sentence in the burglary case.

Defendant filed a timely notice of appeal from the order denying the expungement request, and we appointed counsel to represent him. Appointed counsel filed a brief in which he raised no issues and asked us to follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496. After receiving counsel's brief, defendant submitted a supplemental letter brief stating that he has remained free of felony convictions for over 19 years and has demonstrated exceptional circumstances of rehabilitation during his incarceration. Defendant also contends that he is entitled to withdraw his plea in the burglary case because the court improperly imposed a $4,000 victim restitution award.

## DISCUSSION

Relief under section 1203.4 is often referred to as an expungement of the conviction, although the statute does not render the conviction a nullity. (*People v. Mgebrov* (2008) 166

3

Cal.App.4th 579, 584.) Under the statute, a defendant may apply for relief when he has fulfilled the conditions of probation for the entire period of probation, he has been discharged prior to the termination of the period of probation, or in any other case in which a court in its discretion and the interests of justice determines that a defendant should be granted the relief available. (§ 1203.4, subd. (a); *People v. Seymour* (2015) 239 Cal.App.4th 1418, 1429–1430.) If a defendant falls into either the first or second category, he or she is entitled to relief as a matter of right. (*Seymour,* at p. 1430.) Under the third scenario, the trial court exercises its discretion. (*Ibid.*)

Here, defendant does not fit into the first or second category for relief because he was charged with attempted murder and assault while still on probation in the burglary case and sentenced to state prison. (See *People v. Mendez* (1991) 234 Cal.App.3d 1773, 1780 [Section 1203.4 applies only to that category of persons who have been admitted to probation and not committed to prison].) Stated another way, section 1203.4 applies to probationers, not parolees or former prisoners. (*People v. Borja* (1980) 110 Cal.App.3d 378, 381–382.)

To the extent that defendant contends that he fits into the third category, we see no abuse of discretion. While we commend defendant for his rehabilitation efforts during his incarceration, he does not assert that he paid the $4,000 victim restitution award in full. (See *People v. Johnson* (2012) 211 Cal.App.4th 252, 261 [defendant who fails to make all court-ordered restitution payments is not entitled to relief under section 1203.4, even if the violation does not result in revocation].)

Further, defendant is not entitled to an expungement of his burglary conviction under section 3051. That statute provides for

parole hearings to certain offenders, not for expungement of convictions. (See *People v. Franklin* (2016) 63 Cal.4th 261, 276; § 3051, subd. (b).) Similarly, Proposition 57 creates a mechanism for parole consideration, not a vehicle for expungement. (See *In re Gadlin* (2019) 31 Cal.App.5th 784, 788.)

Finally, defendant may not challenge the victim restitution award imposed in the burglary case in this appeal. First, defendant should have challenged the award in an appeal from the probation order or the subsequent judgment. His failure to do so precludes him from challenging the award in this appeal absent a showing of a justification for the delay. (*People v. Senior* (1995) 33 Cal.App.4th 531, 535–538.) And defendant has not demonstrated any justification for his delay in challenging the award. Second, defendant forfeited any challenge to the $4,000 award, and his request to withdraw his plea based on the amount of the award, by failing to object at his sentencing hearing. (*People v. Mays* (2017) 15 Cal.App.5th 1232, 1237 ["A defendant wishing to argue on appeal that there is no factual basis for a restitution order must object on that ground in the trial court to preserve the issue for appeal."].)

We have examined the entire record, and are satisfied appellate counsel has fully complied with counsel's responsibilities and no arguable issues exist in the appeal before us. (*People v. Wende* (1979) 25 Cal.3d 436.)

5

## DISPOSITION

The order is affirmed.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.