Filed 6/29/21  P. v. Zamora CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER ANTHONY ZAMORA,<br><br>Defendant and Appellant. | F080247<br><br>(Super. Ct. No. VCF055078-00)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Walter L. Gorelick, Judge.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill and Paul E. O'Connor, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Peña, Acting P.J., Smith, J. and De Santos, J.

Christopher Anthony Zamora (defendant) appeals from an order modifying the amount of victim restitution he owes pursuant to Penal Code section 1202.4.[1]  He alleges the sum in question likely includes double reimbursement for the same funeral and burial expenses.  However, defense counsel below stipulated to the terms of the order.  Defendant alternatively claims ineffective assistance of counsel, but the record does not establish deficient performance.  Therefore, the order will be affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

In the year 2000, defendant was convicted of murdering Vincent Uranga and attempting to murder Uranga's significant other, B.F.  Defendant's sentence included a prison term of life without the possibility of parole (LWOP).  In 2004, this court affirmed the murder verdict but reversed the conviction of attempted murder.  (*People v. Zamora* (Dec. 1, 2004, F043085) [nonpub. opn.].)

In the earlier appeal, defendant also challenged an order of restitution made payable to "the Tulare County Victim's Advocate Program," which had reportedly "paid $4,792 toward funeral and burial expenses for Uranga."  The People conceded the trial court had erred by designating an "unauthorized payee," i.e., by not ordering the restitution payable to a victim or the California Victim Compensation Board (VCB).[2]  The matter was remanded for further proceedings.

The People elected not to retry defendant on the attempted murder charge.  He was resentenced, but the punishment of LWOP was unchanged.  According to a minute order dated May 10, 2005, defendant was ordered to pay restitution "of $4792 as to victim Vincent Uranga's family, to be collected by CDC."  (Some capitalization omitted.)  The

---

[1]All undesignated statutory references are to the Penal Code.

[2]Prior to 2016, the VCB was known as the California Victim Compensation and Government Claims Board.  (Stats. 2016, ch. 31, § 103 [amending Gov. Code, § 13900].)

2.

order further states, "Rest[itution] to remain open as [to] the Victims Compensation Claims Board in Sacramento." (Some capitalization omitted.)

In June 2019, the People filed a motion to modify the restitution order. The moving papers said the California Department of Corrections and Rehabilitation was "unable to disburse restitution funds collected under the [prior] order of, '$4,792.00 to Victim Vincent Urangas's [*sic*] Family.'" The People further alleged it was B.F. who had paid $4,792 toward the decedent's funeral expenses. Accordingly, the motion "requested the court modify the restitution order of $4,792.00 *to be payable* [to] Victim B.F." (Original italics.)

The People separately alleged the VCB had "also paid funeral expenses on behalf of the [decedent]" in the amount of $5,399.52. "As such, the People request[ed] that the restitution order be modified to reflect the $4,792.00 order payable to victim B.F. and order the amount paid by CalVCB of $5,399.52, for a total of $10,191.52." As noted in the moving papers, the People had hoped to obtain from defendant "a stipulation agreement to the modified amount."

The motion was heard on September 16, 2019. Defendant waived his right to be present, and his attorney stated for the record, "He wants to submit is my understanding." The trial court asked the deputy district attorney for "the latest status of this restitution thing that your office filed." She replied, "$5,399.52 to CAL VCB and that's for funeral expenses to—regarding [Vincent Uranga]. And then I want to make it sure that there's a Court order for $4,792 for BF, the other murdered victim." The last remark was inaccurate because defendant did not murder B.F. and, moreover, the attempted murder charge relating to B.F. was ultimately dismissed.

Defense counsel stated there was no objection to "the additional amount" of $5,399.52. The prosecutor reiterated, "I wanted to make it clear that the $4,792 it seemed like there was an order to [the decedent]'s family, but it was suppose[d] to be paid to BF's family." Defense counsel then said, "I'm just noting in page 2 of the [P]eople's

3.

motion, it says victim BF paid for funeral expenses for [the decedent], but I think that would just be something that they would have to work out amongst themselves." The hearing concluded with the trial court asking the parties to submit "something in writing" and ordering a one-week continuance.

On September 23, 2019, the People filed a written "Request for Court Order" signed by counsel for both parties. A hearing was held on the same date. The trial court asked defense counsel, "You're in agreement with this stipulation basically?" Defense counsel replied, "Yes." The judge then signed the stipulation.

The stipulation provided, in relevant part: "1. That $5,399.52 be paid to California Victim Compensation Board for [Vincent Uranga]'s funeral expenses and [¶] 2. That the record … reflect that the restitution amount of $4,792.00 'be payable to B.F.'" On September 27, 2019, the trial court issued a separate order for payment of $4,792 in restitution to B.F. Defendant filed a timely notice of appeal.

## DISCUSSION

Crime victims are entitled to restitution for "economic loss incurred as the result of the defendant's criminal conduct" (§ 1202.4, subd. (f)(3)), including funeral and burial expenses (*id*., subd. (f)(4)(B)). For purposes of section 1202.4, "victim" is defined to include the "immediate surviving family of the actual victim" as well as cohabitants. (*Id*., subds. (k)(1), (3)(B)–(C).) The prior appellate opinion noted decedent Vincent Uranga and B.F. "had been together for 20 years." Thus, although defendant secured a reversal and dismissal of the attempted murder charge involving B.F., it is possible B.F. still qualified as a victim under the cohabitation provisions.

Defendant claims "[t]he issue here is not what type of expense the restitution was for, but rather how much money was actually spent on the funeral between the two parties seeking restitution." He further contends it is "impossible to answer that question from the record in this case." Defendant speculates there is a duplicative overlap in the $5,399.52 ordered payable to the VCB and the $4,792 ordered payable to B.F. On that

4.

basis, he "submits that the matter must be remanded for a determination of the actual cost of the victim restitution in this case, and if need be, a corrected abstract of judgment must be provided."

Orders concerning victim restitution are reviewed for abuse of discretion. (*People v. Baker* (2005) 126 Cal.App.4th 463, 467.) However, defendant "has waived a claim of error as to the amount of restitution by failing to object on that ground in the trial court." (*People v. Anderson* (2010) 50 Cal.4th 19, 26, fn. 6; accord, *People v. Brasure* (2008) 42 Cal.4th 1037, 1075 ["by his failure to object, defendant forfeited any claim that the order was merely unwarranted by the evidence"]; *People v. Mays* (2017) 15 Cal.App.5th 1232, 1237.) This conclusion is reinforced by defense counsel's stipulation to the terms of the order.

Defendant argues the forfeiture rule does not apply to an unauthorized sentence. He is correct, but the principle does not apply here. "The unauthorized sentence exception is 'a narrow exception' to the waiver doctrine that normally applies where the sentence 'could not lawfully be imposed under any circumstance in the particular case,' … [Citations.] The class of nonwaivable claims includes 'obvious legal errors at sentencing that are correctable *without referring to factual findings in the record or remanding for further findings*.' [Citation.]" (*People v. Brach* (2002) 95 Cal.App.4th 571, 578, italics added.) "The appropriate amount of restitution is precisely the sort of factual determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive. Here, because defendant did not object to the amount of restitution in the trial court, he forfeited our consideration of the issue on appeal." (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218.)

Anticipating the forfeiture problem, defendant alternatively claims ineffective assistance of counsel. Defendant argues his attorney should have sought to determine whether "the two awards were fully compensable even though the only reason give[n] as

justification for them was to pay the costs of the same funeral." Essentially, counsel's stipulation to the terms of the order is being characterized as professional negligence.

"It is rarely appropriate to resolve an ineffective assistance claim on direct appeal." (*People v. Duff* (2014) 58 Cal.4th 527, 550, fn. 9.) Such claims are viable "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

The VCB's restitution request, which was attached as an exhibit to the People's motion, identified "V.U." (presumably referring to Vincent Uranga), as the "[c]laimant" for whom $5,399.52 in "[b]enefits" were paid of a type merely described as "[f]uneral." The VCB's request did not mention B.F. The People separately alleged B.F. had paid $4,792 in "funeral expenses." It is possible both B.F. and the decedent's family members contributed separate amounts toward the funeral and burial costs.

"Judicial scrutiny of counsel's performance must be highly deferential." (*Strickland v. Washington* (1984) 466 U.S. 668, 689.) Defendant *assumes* neither the People, nor defense counsel, "nor the court knew if the $4,792.00 restitution order to [B.F.] was already included in the $5,399.52 order to the VCB." But it is possible that during the week separating the first and second motion hearings, defense counsel was informed the amounts were not duplicative—e.g., through unreported communications with the deputy district attorney. "Because there is thus a valid possible explanation for counsel's conduct, defendant has failed to establish ineffective assistance of counsel." (*People v. Diaz* (1992) 3 Cal.4th 495, 563; see *People v. King* (2010) 183 Cal.App.4th 1281, 1299 ["to the extent the record is silent as to defense counsel's reasons for his actions or inaction, a claim of ineffective assistance must be rejected"]; *People v. Bess* (1984) 153 Cal.App.3d 1053, 1059 ["While counsel's action may appear unreasonable on

6.

its face, '[an] appellate court's inability to understand why counsel acted as he did cannot be a basis for inferring that he was wrong" (fn. omitted)].)

## DISPOSITION

The order from which this appeal is taken is affirmed.