Filed 2/9/24  P. v. Pal CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>VINESH PAL,<br><br>        Defendant and Appellant. | C097506<br><br>(Super. Ct. No. 22FE006693) |

Defendant Vinesh Pal contends the trial court made three errors in sentencing him for second degree burglary, driving a stolen rental truck without consent, and receiving the stolen rental truck:  (1) the trial court abused its discretion under Penal Code section 1385, subdivision (c) by imposing two alleged sentence enhancements; (2) the court ordered defendant to pay an unauthorized amount of restitution for repairing damage that was not caused by defendant's conduct; and (3) an error in the abstract of judgment must be corrected (statutory section citations that follow are found in the Penal Code unless otherwise stated).

We conclude:  (1) the prosecution alleged and the trial court imposed only one enhancement, so the mitigating circumstance in section 1385, subdivision (c)(2)(B) does not apply; (2) defendant forfeited the argument that his conduct did not cause the damage

1

for which the court ordered restitution; and (3) the trial court has already corrected the error defendant identified in the abstract of judgment.

In our review of the case, however, we have determined that defendant's sentence is unauthorized because the trial court stayed punishment for the wrong offense under section 654. We will modify the judgment to correct the error and order the trial court to prepare an amended abstract of judgment reflecting the correction. As modified, we affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

A jury found defendant guilty of second degree burglary, driving a stolen rental truck without consent, and receiving the stolen rental truck. In a bifurcated court trial, the trial court found that defendant had previously been convicted of taking or driving a vehicle without consent and had received the stolen rental truck while released from custody prior to trial on the burglary charge. In considering an appropriate sentence, the trial court also found three aggravating circumstances applied.

The trial court sentenced defendant to the upper term of four years for driving the rental truck without consent, two years for the section 12022.1 enhancement, and eight months for the second degree burglary, for a total sentence of six years eight months in jail. The court also imposed an upper term sentence of four years for receiving stolen property and stayed this portion of the sentence pursuant to section 654. The court suspended execution of the final four years of defendant's sentence, ordering mandatory supervision for that time period. The court also ordered $2,508.21 of restitution to the rental truck company, including $1,979.01 for repairs, as recommended in the probation officer's report. We discuss the sentencing hearing in more detail below, where relevant to our analysis.

Defendant timely appealed from the judgment.

2

DISCUSSION

I

*Multiple Enhancements*

Defendant contends the trial court failed to properly apply section 1385, subdivision (c), which requires trial courts to "dismiss an enhancement if it is in the furtherance of justice to do so." (§ 1385, subd. (c)(1).) This subdivision provides further guidance to trial courts, explaining: "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove" that certain mitigating circumstances are present. (§ 1385, subd. (c)(2).) "Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety." (§ 1385, subd. (c)(2).) As relevant here, one such mitigating circumstance is that "[m]ultiple enhancements are alleged in a single case." (§ 1385, subd. (c)(2)(B).)

Defendant contends the trial court imposed multiple enhancements in this case without finding that dismissal of one of the enhancements would endanger public safety. The People respond that: (1) defendant forfeited this argument by not raising it in the trial court, (2) in any event, the trial court only imposed one enhancement, and (3) even assuming the court imposed two enhancements, the trial court did not abuse its discretion in doing so. We disagree with the People's first argument, agree with their second argument, and need not reach their third argument.

A.    Additional Background

The trial court began the sentencing hearing by confirming that the defendant had received the probation officer's sentencing recommendation and had sufficient time to review it with his attorney. The court then asked defense counsel to "make a statement regarding the sentence." Defense counsel began by contending "that [the p]robation

3

[officer] is recommending the Court essentially impose two enhancements, one for the out on bail [enhancement in section 12022.1] and then one enhancing the penalty for the [Vehicle Code section] 10851 or [section] 496d [offense] because of [defendant]'s prior conviction." Defense counsel then argued, "as the Court knows, with the change in the sentencing law, multiple enhancements are disfavored and so the Court should stay one of those enhancements." Finally, defense counsel suggested the court should "do that by either striking the out on bail enhancement or if not wanting to do that, it could instead sentence [defendant] to the midterm on the [Vehicle Code section] 10851 and [section] 496d [offenses] of three years rather than the recommended upper term of four years."

The prosecution responded: "in terms of the [the p]robation [officer]'s recommendation, I would ask the Court not to strike the enhancements." The prosecution contended defendant had been recently convicted of another instance of driving or taking a vehicle without consent and had committed the current vehicle offenses only one month after being released on bail for the burglary charge. Accordingly, the prosecution considered it "appropriate" for the court to impose both enhancements.

The trial court agreed with the prosecution, explaining: "This is not a first offense. Your pattern and practice of criminal behavior hasn't changed as a result of any prior disposition. You're still taking the risks and there are consequences to that. The Court is going to decline to strike one of the enhancements as requested by the defense.

"Under the facts and circumstances of this case and the criminal history of this [d]efendant and the quickness by which being out on bail another crime was committed, the Court finds that applying two enhancements in this case is not only reasonable but appropriate.

"So I am adopting [the p]robation [officer]'s recommendations as drafted." The trial court then imposed the upper term sentence under section 666.5 for both driving the rental truck without consent and for receiving the stolen rental truck and imposed the two-year enhancement under section 12022.1.

4

B.    Forfeiture

As an initial matter, we reject the People's argument that defendant forfeited this issue because defense counsel did not specifically ask the trial court to determine whether dismissing one of the enhancements would "endanger public safety," pursuant to section 1385, subdivision (c)(2).

"A party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751.) Such an objection must fairly inform the trial court and the prosecution of the basis for the objection so that the prosecution can respond appropriately and the court can make an informed ruling. (See *People v. Partida* (2005) 37 Cal.4th 428, 434-435 [interpreting the objection requirement in Evidence Code section 353]; cf. *People v. De Soto* (1997) 54 Cal.App.4th 1, 10 [claim forfeited where defendant "raised no specific objections at the time of sentencing," so trial court lacked "a genuine opportunity to correct any errors it may have made"].)

Here, defense counsel did object to the recommended sentence in the probation report and even did so specifically on the ground that a recent "change in the sentencing law" had made "multiple enhancements . . . disfavored." While defense counsel did not cite section 1385, subdivision (c)(2)(B) or ask for precisely the relief offered by the statute, the forfeiture rule is not so strict that a defendant must ask for every factual finding individually. Defense counsel did enough for the prosecution to respond and for the trial court to recognize the decision it had to make and give due consideration to the relevant facts. Accordingly, we conclude defendant has preserved the issue for appeal.

C.  Analysis

On the merits, we conclude the prosecution did not allege and the trial court did not impose multiple enhancements under section 1385, subdivision (c)(2)(B), so the trial court could not have abused its discretion by refusing to dismiss an enhancement.

Defendant contends that section 666.5, which establishes an elevated triad from which the trial court selected the base term for defendant's sentence for both driving the rental truck without consent and receiving the stolen rental truck, also counts as an "enhancement" under section 1385, subdivision (c).  Whether section 666.5 is an enhancement under section 1385, subdivision (c) is a question of statutory interpretation that we review de novo.  (See *People v. Burke* (2023) 89 Cal.App.5th 237, 242.)  Though the trial court believed it was imposing two enhancements, "[o]ur task is to review the trial court's *ruling*, not its reasoning."  (*People v. Turner* (2020) 10 Cal.5th 786, 807.)

"We start with the statute's words, which are the most reliable indicator of legislative intent."  (*In re R.T.* (2017) 3 Cal.5th 622, 627.)  These words are generally given their ordinary meanings, but "[i]t is a venerable principle that when a word or phrase appearing in a statute 'has a well-established *legal* meaning, it will be given that meaning in construing the statute.' "  (*Brown v. Superior Court* (2016) 63 Cal.4th 335, 351; § 7, subd. 16; accord *Ruiz v. Podolsky* (2010) 50 Cal.4th 838, 850, fn. 3 [" '[W]hen the Legislature uses a term of art, a court construing that use must assume that the Legislature was aware of the ramifications of its choice of language' "].)

The term "enhancement" has a well-established meaning in California law:  "A sentence enhancement is 'an *additional term* of imprisonment added to the base term.' " (*People v. Jefferson* (1999) 21 Cal.4th 86, 101; accord *People v. Burke*, *supra*, 89 Cal.App.5th at p. 243; *People v. Tirado* (2022) 12 Cal.5th 688, 695, fn. 9; Cal. Rules of Court, rule 4.405(5); *People v. Guilford* (1984) 151 Cal.App.3d 406, 411.)

6

As defendant forthrightly acknowledges, the courts that have considered this question have determined that "[s]ection 666.5 imposes not an enhancement but a greater base term for certain recidivists." (*People v. Demara* (1995) 41 Cal.App.4th 448, 452; accord *People v. Lee* (2017) 16 Cal.App.5th 861, 869; *People v. Garcia* (2003) 107 Cal.App.4th 1159, 1165-1166.) We agree with these courts. Under the established definition, "enhancement" means additional imprisonment added to the base term. The " '[b]ase term' is the determinate or indeterminate sentence imposed for the commission of a crime, not including any enhancements that carry an additional term of imprisonment." (Cal. Rules of Court, rule 4.405(2).) Section 666.5 establishes a new set of three possible base terms for the sentencing court to choose from—two, three, or four years—replacing the three possible base terms in section 1170, subdivision (h)(1)—16 months, two years, or three years—for both driving and receiving the stolen rental truck. (See Veh. Code, § 10851, subd. (a); Pen. Code, § 496d, subd. (a).)

In other words, when sentencing under section 666.5, the trial court disregards the base terms in section 1170, subdivision (h) prescribed by Vehicle Code section 10851 and Penal Code section 496d; it does not add anything to those terms. The fact that the base terms in section 666.5 are greater than the base terms in section 1170, subdivision (h) does not mean the sentencing court is adding an enhancement to those base terms. Rather, the court is choosing from a different set of base terms.

Here, the trial court chose a base term of four years imprisonment from section 666.5 for both driving and receiving the stolen rental truck and then added one two-year enhancement from section 12022.1. Accordingly, the court imposed just one enhancement and the mitigating circumstance in section 1385, subdivision (c)(2)(B) does not apply.

7

## II

### *Restitution*

Defendant next contends the trial court was not authorized to impose a portion of the restitution for repairs to the rental truck because the damage was not caused by defendant's conduct. Defendant forfeited this issue by not asking the trial court to make the factual determination of whether his conduct caused certain damage.

### A.     Additional Background

At trial, the people who rented the truck reported that when they last drove it, the key started the truck and the ignition was undamaged. When the truck was found after defendant had been driving it, the ignition was damaged so it would not start with a key. Defendant admitted he had been using a screwdriver inserted into the damaged ignition to start the truck, but claimed the ignition had already been damaged when he first drove the truck.

At the sentencing hearing, the trial court asked the parties to discuss the probation officer's recommendations as to restitution, and they agreed the trial court could not order defendant to pay restitution to the burglary victim for stolen catalytic converters when defendant had not been charged with their theft. But defendant did not object to any portion of the proposed restitution to the rental truck company, which included detailed receipts and line item expenses for parts and labor to repair the stolen rental truck.

The trial court then ordered defendant to pay restitution, as detailed in the probation officer's report, for (1) tightening fasteners on interior wooden rails loosened by vibration and time; (2) rebuilding the ignition, which had been drilled out to permit the truck to be started with a screwdriver; (3) replacing the damaged steering column; and (4) disinfecting the interior of the truck, among other repairs.

8

B.     Forfeiture

Defendant claims these four types of damage cannot be "attributed to the conduct for which [he] was actually convicted."  Defendant further claims he has not forfeited this issue because the improper restitution makes his sentence "unauthorized."  Defendant misunderstands the "unauthorized sentence" rule.

"Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case.  Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing." (*People v. Scott* (1994) 9 Cal.4th 331, 354.)  On the other hand, it is well-established that "[a] defendant wishing to argue on appeal that there is no factual basis for a restitution order must object on that ground in the trial court to preserve the issue for appeal." (*People v. Mays* (2017) 15 Cal.App.5th 1232, 1237.)

Here, defendant could have caused each of these types of damage while driving and possessing the stolen rental truck.  Defendant contends the evidence introduced at trial does not support such an inference, "[b]ut by his failure to object, defendant forfeited any claim that the order was merely unwarranted by the evidence, as distinct from being unauthorized by statute." (*People v. Brasure* (2008) 42 Cal.4th 1037, 1075; accord *People v. Mays*, *supra*, 15 Cal.App.5th at p. 1237 ["(1) this is not a question of law and (2) defendant could have, but did not, challenge the factual basis for the restitution order in the trial court"].)  "As the order for restitution was within the sentencing court's statutory authority, and defendant neither raised an objection to the amount of the order nor requested a hearing to determine it (see § 1202.4, subd. (f)(1)), we do not decide whether the court abused its discretion in determining the amount." (*Brasure*, at p. 1075.)  Defendant has forfeited this issue.

9

## III

### *Abstract of Judgment*

Defendant next contends the trial court mistakenly switched the count numbers of two of the offenses in the abstract of judgment. Specifically, the original abstract of judgment listed count 1 as a violation of Vehicle Code section 10851, subdivision (a) and count 2 as second degree burglary, but the counts were charged in the opposite order. The trial court has already corrected this error nunc pro tunc and issued an amended abstract. Accordingly, we need not address this contention.

## IV

### *Unauthorized Sentence*

Finally, though the trial court made clear its intent to sentence defendant to six years eight months in jail, following the probation officer's recommendation, it did so in an unauthorized manner. The trial court sentenced defendant to the upper term of four years in jail for both driving the rental truck without consent and receiving the stolen rental truck. It then correctly determined it needed to stay the punishment for one of those offenses pursuant to section 654, but the court stayed punishment for the wrong offense.

The trial court imposed the two-year sentence enhancement under section 12022.1, which was attached to count 3, receiving the stolen rental truck in violation of section 496d, subdivision (a). The enhancement was attached only to count 3, though defendant did not dispute the enhancement applied to both counts, because the trial court found the enhancement true only with respect to count 3. The trial court could not stay the sentence for count 3 without staying the enhancement because "an enhancement must necessarily be stayed where the sentence on the count to which it is added is required to be stayed" under section 654. (*People v. Guilford*, *supra*, 151 Cal.App.3d at p. 411.)

Neither party noticed this issue, but " '[e]rrors in the applicability of section 654 are corrected on appeal regardless of whether the point was raised by objection in the trial court or assigned as error on appeal.' " (*People v. Hester* (2000) 22 Cal.4th 290, 295.) Accordingly, we will modify defendant's sentence to vacate the stay on count 3 and to stay execution of the sentence for count 2 instead. This will not change the duration of defendant's sentence.

DISPOSITION

The judgment is modified to: (1) vacate the stay and execute the four-year jail sentence for count 3, the violation of section 496d, subdivision (a); and (2) stay execution of the four-year jail sentence for count 2, the violation of Vehicle Code section 10851, subdivision (a). As modified, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

 

 

 

_____

HULL, Acting P. J.

We concur:

_____

MESIWALA, J.

_____

WISEMAN, J.\*

_____

\* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11